UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BEVERLY MORRIS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No: 5:20-cv-01369-ACA |
| } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| **COMMISSIONER,** } | |
| } | |
| **Defendant.** } | |

## **MEMORANDUM OPINION**

Plaintiff Beverly Morris appeals the decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. Based on the court's review of the administrative record and the parties' briefs, the court **WILL REVERSE** the Commissioner's decision and **WILL REMAND** for further administrative proceedings.

**I.   PROCEDURAL HISTORY**

Ms. Morris applied for a period of disability, disability insurance benefits, and supplemental security income on October 30, 2018, alleging disability beginning December 15, 2015. (R. at 82–83). The Commissioner initially denied Ms. Morris's claims (*id.* at 128–137), and Ms. Morris requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 138–39). After holding a hearing (*id.* at

42–63), the ALJ issued an unfavorable decision (*id.* at 19–41). The Appeals Council denied Ms. Morris's request for review (*id.* at 1–6), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III.  ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual function capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Morris had not engaged in substantial gainful activity since her alleged disability onset date, December 15, 2015. (R. at 26). The ALJ found that Ms. Morris's generalized anxiety disorder, panic disorder, depressive disorder, and alcohol use disorder in partial remission were severe impairments. *(Id.* at 26). However, the ALJ found that Ms. Morris's lower back pain, breathing impairment such as COPD, abdominal pain, right knee pain, pain involving either or both hands, and obesity were not severe impairments. *(Id.* at 27–29). The ALJ then concluded that Ms. Morris did not suffer from an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (R. at 29).

After considering the evidence of record, the ALJ determined that Ms. Morris had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with a number of non-exertional limitations.  (*Id.* at 32–35). Based on this RFC and the testimony of a vocational expert, the ALJ found that Ms. Morris was unable to perform any past relevant work since the alleged onset date as an automobile accessories installer, electronic assembler, and electronic inspector. (R. at 35).  But the ALJ concluded that jobs existed in significant numbers in the national economy that Ms. Morris could perform, including a kitchen helper, a janitor, and a warehouse worker.  (*Id.* at 36–37).  Accordingly, the ALJ determined that Ms. Morris has not been under a disability, as defined in the Social Security Act, between the alleged onset date through the date of the ALJ's decision.  (R. at 37).

## IV.  DISCUSSION

Ms. Morris asks the court to reverse the Commissioner's decision because the ALJ: (1) failed to include in the RFC a limitation identified by State Agency medical consultant Dr. Robert Estock, despite finding Dr. Estock's opinion "wholly" persuasive, and without explaining his conclusion, and (2) failed to consider Ms. Morris's work history in evaluating her subjective complaints of pain.  (Doc. 15).

The court will not address Ms. Morris's second argument because it finds the ALJ committed reversible error in his evaluation of Dr. Estock's findings.

As an initial matter, the court notes the parties dispute whether Dr. Estock's report is a medical opinion or a prior administrative finding. (*See* Doc. 16 at 13; Doc. 17 at 5–6). This disagreement is irrelevant because the governing regulations require an ALJ to examine both medical opinions and prior administrative findings under the same factors. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). For simplicity's sake, the court refers to Dr. Estock's report as an opinion.

Dr. Estock reviewed the evidence of record and conducted a mental residual functional capacity assessment of Ms. Morris. (R. at 96–98, 114–16). Among other findings, Dr. Estock opined that Ms. Morris was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 97, 115). However, Dr. Estock explained in narrative form that Ms. Morris "would likely miss 1-2 days/month due to psych symptoms" (r. at 97, 115), a limitation that the vocational expert testified would preclude work (r. at 60).

Along with all of the other opinions and prior administrative findings in the record, the ALJ stated that he was "wholly persuaded" by Dr. Estock's opinion. (R. at 34). However, the ALJ neither included in the RFC the limitation that Ms. Morris

5

would miss one to two days of work per month nor explained why he failed to do so despite being persuaded by the totality of Dr. Estock's opinion.

Citing the controlling regulations, the Commissioner argues that the ALJ was not required to either include in the RFC every one of Dr. Estock's findings or explain why he did not include them. (Doc. 16 at 12). The Commissioner is correct that where a medical source provides multiple findings, an ALJ is only required to provide a single analysis to articulate the persuasiveness of an opinion. *See* 20 C.R.F. §§ 404.1520c(b)(1), 416.920c(b)(1). Likewise, an ALJ is "not required to articulate how [he] considered each finding from one medical source individually." 20 C.R.F. §§ 404.1520c(b)(1), 416.920c(b)(1). In addition, an ALJ is not required to adopt any findings from State agency psychological consultants like Dr. Estock. *See* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Neither the court nor Ms. Morris disagrees with the plain language of the regulations (*see* doc. 17). But the court finds nothing in these rules that relieves an ALJ of his obligation to explain his reasoning in a manner that permits the court to conduct meaningful review. The Eleventh Circuit has long held that "when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Otherwise, "to say that [the ALJ's] decision is

6

supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 631 F.3d at 1179 (quotation marks omitted; alteration in original). And even the Agency's response to comments concerning the relevant regulations states that the rules "are consistent with the intent of the [Social Security Act] that we provide a statement of the case, setting forth a discussion of the evidence, and *stating the reasons upon which we based the determination*." Revisions of Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5859 (Jan. 18, 2017) (emphasis added).

Where, as here, the ALJ is "wholly persuaded" by an opinion (r. at 34) which included a limitation (r. at 96–97) that the vocational expert testified would "preclude all work activity," (r. at 60), the ALJ failed to provide sufficient reasoning for why he did not include that limitation in the RFC. Therefore, the ALJ's explanation does not provide the court with enough information to determine whether the decision is supported by substantial evidence, and the court must remand for reconsideration of Dr. Estock's opinion.

## V. CONCLUSION

This court **WILL REVERSE** the Commissioner's decision and **WILL REMAND** for further proceedings. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this July 28, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE